THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARMEN I. LOPEZ-CARRILLO,**  Plaintiff,  v.  **SAMUEL COTTO-ORTIZ, LLC,** *et al.,*  **Defendants.** | **Civil No. 15-2768 (ADC)** |

### OMNIBUS OPINION AND ORDER

Before the Court is co-defendant the Puerto Rico Miscellaneous Insurance Guaranty Association's ("AGSM," due to its Spanish acronym) motion to dismiss. **ECF No. 59**. For the reason's below, AGSM's motion to dismiss is hereby deemed **MOOT**.[1]

Plaintiff Carmen I. López-Carrillo (López-Carrillo) crossed the guarded gates to this Court's limited jurisdiction on a diversity of citizenship ticket. *See* 28 U.S.C. § 1332. **ECF No. 20** at 2. To maintain an action in federal court based upon diversity jurisdiction, all plaintiffs must be of diverse citizenship to each defendant in a case, and the addition of a non-diverse defendant typically defeats diversity jurisdiction. *See Gorfinkle v. U.S. Airways, Inc.*, 431 F.3d 19, 22 (1st Cir. 2005).

The Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). It must do so here, where López-

---

[1] In light of the jurisdictional defect discussed *sua sponte* herein, the Court need not and shall not reach the arguments AGSM espouses in its motion to dismiss.

Carrillo is purportedly domiciled in Massachusetts (**ECF No. 20** at 1) and AGSM hails from the same state for purposes of diversity jurisdiction.

Indeed, AGSM is an unincorporated entity whose citizenship is determined by the citizenship of all its members. *See Otero-Marrero v. Caribbean Restaurants, LLC*, Civ. No. 21-1107 (ADC), 2022 WL 685511 at *1-2 (D.P.R. Mar. 8, 2022); *Colón-Torres v. BBI Hosp. Inc.*, Civ. No. 19-1151 (GAG), 2021 WL 3046603 at *3-4 (D.P.R. July 20, 2021); P. R. Laws Ann. tit. 26 § 3801 et seq. Thus, because AGSM has multiple members-insurers domiciled in Massachusetts,[2] it must be construed as a citizen of Massachusetts for purposes of diversity jurisdiction.[3] *See id.*

The Court must now decide which is more proper in this case: dismissing all claims against all defendants without prejudice because complete diversity has been defeated or salvaging the diversity of the parties by dismissing AGSM only.

"If an easily curable jurisdictional defect is discovered shortly after a case is filed, the district court should decide whether the plaintiff must be put to the bother of filing a fresh suit which at long last will merely bring the parties to the point where they now are." *Casón v. P.R. Elec. Power Auth.*, 770 F.3d 971, 977 (1st Cir. 2014) (cleaned up). Thus, the Court has "the authority to drop the 'diversity destroying' party, thereby curing any purported jurisdictional

---

[2] Such as, *inter alia*, Boston Mutual Life Insurance Company, Electric Insurance Company, John Hancock Life & Health Insurance Company, Liberty Mutual Insurance Company, Amerisure Mutual Insurance Company, and Massachusetts Mutual Life Insurance Company. *See* NAIC Puerto Rico State Based Systems: *https://sbs.naic.org/solar-external-lookup/lookup?jurisdiction=PR&searchType=Company&companyType=INS*.

[3] Although AGSM filed a motion arguing that López-Carrillo is actually domiciled in Puerto Rico, AGSM has over 80 member-insurers in Puerto Rico too. *See* NAIC Puerto Rico State Based Systems: *https://sbs.naic.org/solar-external-lookup/lookup?jurisdiction=PR&searchType=Company&companyType=INS*. Thus, diversity jurisdiction would also be destroyed in that case.

defect it found and salvaging its jurisdiction as between those parties who were properly before it." *Id.* at 978. To be sure, "even on questions of a court's adjudicatory authority in particular, salvage operations are ordinarily preferable to the wrecking ball." *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 592 (2004) (Ginsburg, J., dissenting).

Dismissing only the diversity destroyer is proper here solely if AGSM is a dispensable party. *See Gorfinkle*, 431 F.3d at 22. Rather than make that determination in a vacuum, the Court hereby orders the parties to brief the Court as to whether AGSM is a dispensable party and diversity can be salvaged by dismissing the diversity destroyer.

**I. Conclusion**

For the reasons stated above, AGSM motion to dismiss (**ECF No. 59**) is deemed **MOOT.**

The Court hereby orders the parties to brief the Court as to whether AGSM is a dispensable party and diversity can be salvaged by dismissing the diversity destroyer. The parties shall file their briefs within 20 days of entry of this order. Failure to comply shall result in the imposition of sanctions up to and including dismissal.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 19th day of July, 2022.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**